# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 23, 2013

Lyle W. Cayce
Clerk

No. 12-30916
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN O. HARRISON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-267-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kevin O. Harrison appeals his conviction for possession with intent to distribute heroin and crack cocaine. He argues that the evidence at trial was insufficient to support the jury's verdict that he possessed drugs found in a post-Katrina abandoned house. Our review is *de novo*. *United States v. McElwee*, 646 F.3d 328, 340 (5th Cir. 2011). In assessing sufficiency, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

A New Orleans Police Detective saw Harrison engage in three separate transactions in which Harrison accepted what appeared to be currency, entered an abandoned house, and returned with a small object he gave to the buyer. The first transaction was with a confidential informant, and the object was determined to be heroin. During the other two transactions, Harrison followed a similar pattern, and the detective was able to observe him on the second floor of the abandoned house because a wall was missing. After the third transaction, Harrison was arrested, and the detective entered the abandoned house where he found heroin and crack cocaine readily visible just through the doorway to the second floor. In addition, the detective saw several firearms and drug-distribution paraphernalia.

In light of the foregoing, a rational trier of fact could have found beyond a reasonable doubt that Harrison was guilty as charged. *See Jackson v. Virginia*, 443 U.S. at 319. Harrison's contention that the jury's verdict of acquittal on separate firearms charges suggests that there must have been a reasonable doubt is unavailing. *See United States v. Parks*, 68 F.3d 860, 865 (5th Cir. 1995).

AFFIRMED.